Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David R. Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff Liza Phoenix*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA PHOENIX, an individual;<br>        Plaintiff,<br><br>v.<br><br>TEESPRING, INC., a Delaware Corporation, and DOES 1-10;<br>        Defendants. | Case No.:<br><br>   PLAINTIFF'S COMPLAINT FOR:<br><br>1) COPYRIGHT INFRINGEMENT;<br><br>2) VICARIOUS AND CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br><br>3) VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1202)<br><br>**Jury Trial Demanded** |

Plaintiff Liza Phoenix, ("Plaintiff" or "Phoenix"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

- 1 -

COMPLAINT

## INTRODUCTION

Plaintiff is an artist who creates two-dimensional artworks (featuring, among other things, cartoon unicorns and cats and anthropomorphized confections) and offers apparel bearing her designs for online sale to the public. Defendants, and all of them, have used Plaintiff's unique works to produce unauthorized apparel and other consumer goods which they then sell to the public via Teespring, Inc.'s website, www.teespring.com (the "Teespring Website"). Defendant Teespring, Inc. ("Teespring") has been aware of the infringement of Plaintiff's copyrights occurring on its website for over two years but has continued, despite this knowledge, to traffic in infringing products bearing Plaintiff's artwork. This action is brought to address the large scale and ongoing infringement of Plaintiff's rights in and to her original artwork.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. This Court has personal jurisdiction over Defendant Teespring because Teespring has its principal place of business located in California.

4. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which Defendant can be found.

## PARTIES

5. Plaintiff Phoenix is an individual domiciled and residing in Seattle, Washington.

6. Plaintiff is informed and believes and thereon alleges that Defendant Teespring, Inc. is a corporation organized and existing under the laws of the State of

Delaware with its principal place of business located at 77 Geary Street, 5th Floor, San Francisco, California 94108.

7. Plaintiff is informed and believes and thereon alleges that Defendant Does 1 through 10, inclusive, are screen printers, manufacturers and/or vendors of garments and consumer goods to Teespring, which Doe Defendants have printed, manufactured and/or supplied and are manufacturing and/or supplying garments and other consumer goods incorporating Plaintiff's copyrighted designs (as hereinafter defined), without Plaintiff's knowledge or consent, or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendant Does 1-10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE ARTWORK

9. Prior to the conduct complained of herein, Plaintiff composed twenty-six original artworks for use in various commercial applications, including apparel and consumer goods. **Exhibit A** consists of examples of Plaintiff's original and unique artworks (hereinafter "Subject Artworks") along with a comparison image of the product bearing the infringing artwork. Plaintiff created the Subject Artworks and

owns and has owned the Subject Artworks and all rights in and to them at all relevant times.

10. Plaintiff has obtained United States copyright registrations covering the Subject Artworks.

11. Prior to the acts complained of herein, Plaintiff marketed and sold apparel and consumer goods incorporating the Subject Artworks.

12. The Subject Artworks included copyright management and attribution information, including without limitation, watermarks which identified Plaintiff as the author of the Subject Artworks.

13. Following the distribution of legitimate product bearing the Subject Artworks, Plaintiff discovered that Teespring and/or Doe Defendants had misappropriated the Subject Artworks and were selling garments and other products, including mugs, tote bags, stickers, wall art, pillows, and cell phone cases ("Infringing Product") bearing illegal reproductions and/or derivations of the Subject Artworks.

14. Plaintiff is informed and believes and thereon alleges that, without her authorization, Teespring and the Doe Defendants, created, manufactured, caused to be manufactured, imported, sold and otherwise distributed Infringing Product. Such Infringing Product includes, but is not limited to, the garments and other consumer goods set forth herein.

15. Plaintiff is informed and believes and thereon alleges that following her postings of the Subject Artworks, TEESPRING and other Defendants removed Plaintiff's copyright management and attribution information in order to misappropriate the Subject Artworks.

16. It is apparent from side-by-side comparisons of the Subject Artworks and the Infringing Product that the elements, composition, colors, arrangement, and appearance of the designs are identical. See Exhibit A for comparisons of Plaintiff's Subject Artworks and Infringing Product sold on the Teespring Website.

## COPYRIGHT REGISTRATIONS

17. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-007-632 for the work entitled "Sprinkle Poo" with an effective date of December 14, 2015.

18. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-044-575 for the work entitled "Best Unicorn Dad" with an effective date of July 8, 2016.

19. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-067-101 for the work entitled "Best Unicorn Mom" with an effective date of December 18, 2016.

20. Liza Phoenix is the owner of U.S. Copyright Registration No. VAu 1-276-857 for the work entitled "Don't Stop Believin' in Aliens" with an effective date of April 10, 2016.

21. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-007-613 for the work entitled "Hugs & Kisses" with an effective date of October 6, 2015.

22. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-007-630 for the work entitled "Ice Cream Kitty" with an effective date of November 5, 2015.

23. Liza Phoenix is the owner of U.S. Copyright Registration No. VAu 1-306-166 for the work entitled "Kitipai" (Content Titles: Kitipai Astronaut; Kitipai Bat Wings; Kitipai Cat Lady; Kitipai Flying; Kitipai Jumping; Kitipai Mermaid 1; Kitipai Mermaid 2; Kitipai Mermaid 3; Kitipai Rolling Around; Kitipai Unicorn; Kitipai Witch; Kitipai Wizard; Kitipai X-Ray) with an effective date of May 18, 2017.

24. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 1-293-285 for the work entitled "Kitty Cat Cake" with an effective date of March 4, 2017.

25. Liza Phoenix is the owner of U.S. Copyright Registration No. VAu 1-264-831 for the work entitled "Pippin the Poopin' Reindeer with Cupcake et al." (Content Titles: Pippin the Poopin' Reindeer with Cupcake; Pippin the Poopin' Reindeer with Tree) with an effective date of September 12, 2016.

26. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-007-611 for the work entitled "Rainbow Twins" with an effective date of October 10, 2015.

27. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-007-627 for the work entitled "Unicone" with an effective date of November 3, 2015.

28. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 1-290-837 for the work entitled "Unicorn Witch" with an effective date of March 27, 2017.

29. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-098-553 for the work entitled "Bluetopus" with an effective date of March 28, 2018.

30. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-098-556 for the work entitled "Mankei Neko" with an effective date of March 29, 2018.

31. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-871 for the work entitled "Bamsicle" with an effective date of April 12, 2018.

32. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-870 for the work entitled "Baby Narwhal" with an effective date of April 20, 2018.

33. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-869 for the work entitled "Don't Stop Believin' in Unicorns" with an effective date of April 22, 2018.

34. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-868 for the work entitled "Nerd Life" with an effective date of April 23, 2018.

35. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-866 for the work entitled "Cupcake Unicorn" with an effective date of July 7, 2018.

36. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-864 for the work entitled "Cat Magic" with an effective date of July 7, 2018.

37. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-038 for the work entitled "Heart Skull" with an effective date of July 19, 2018.

38. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-116-037 for the work entitled "Diabolicake" with an effective date of July 19, 2018.

39. Liza Phoenix is the owner of U.S. Copyright Registration No. VA 2-160-501 for the work entitled "Sparkle Rainbow Cloud" with an effective date of January 28, 2019.

### FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

40. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

41. The examples presented in Exhibit A annexed hereto are non-inclusive, and allegations and claims made herein are made as to any and all uses, exploitations, and products that incorporate or bear the Subject Artworks.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Artworks including, without limitation, through access to (a) Plaintiff's web pages on other "print-to-order" websites, including without limitation on RedBubble; (b) Plaintiff's website and/or design libraries; and/or (c) garments manufactured and sold to the public bearing artwork lawfully printed with the Subject Artwork by Plaintiff for her customers.

43. Access is also established by the striking and often precise similarity between Plaintiff's Subject Artwork and the corresponding artwork on Defendants', and each of their, Infringing Product.

44. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures and screen prints apparel and/or consumer goods. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments and other consumer goods to said retailers, which garments and other goods infringed the Subject Artworks in that said goods featured unauthorized print design(s)

that were identical or substantially similar to the Subject Artworks, or were an illegal derivation or modification thereof.

45. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Artworks and by producing, displaying, distributing and/or selling garments and consumer goods which infringe the Subject Artworks through the Teespring Website located at www.teespring.com.

46. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

47. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

48. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Artworks in an amount to be established at trial.

49. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement –

Against All Defendants, and Each)

50. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of garments and consumer goods featuring the Subject Artworks as alleged herein.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

52. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business and general and special damages in an amount to be established at trial.

53. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artworks. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Artworks, in an amount to be established at trial.

54. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time

permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Violations of the Digital Millennium Copyright Act (17 U.S.C. §1202 –

Against all Defendants, and Each))

55. Plaintiff included copyright management information ("CMI"), as that term is described in 17 U.S.C. § 1202 of the Copyright Act, on many of the Subject Artworks in the form of watermarks on the respective Subject Artworks.

56. Defendants, and each of them, edited, altered and cropped the Subject Artworks, and removed Plaintiff's CMI from the Subject Artworks, when creating, marketing distributing, and selling the Infringing Products.

57. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, violated have violated 17 U.S.C. §1202(b) by intentionally removing and/or altering Plaintiff's CMI, providing false copyright management information in connection with the Subject Artwork and Infringing Products, and distributing and displaying the Infringing Products with removed, altered and false copyright management information.

58. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, further violated 17 U.S.C. § 1202 by intentionally removing and/or altering the CMI, in the form of text and characters, on or around the Subject Artworks, and distributing copyright management information with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributing and publicly displaying the material, knowing that copyright management information had been removed or altered without authority of the copyright owner or the law and knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know that the conduct would induce, enable, facilitate or conceal an infringement of any right under this

Title. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties pursuant to 17 USC § 1203 and other applicable law.

59. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### With Respect to Each Claim for Relief

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Artworks;

b. That Defendants be required to destroy any and all copies, duplicates and/or reproductions of the Subject Artworks in their possession and to remove such copies from any computer servers in their custody and/or possession;

c. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

Respectfully submitted

Dated: February 25, 2020     By: */s/ Scott Alan Burroughs*
　　　　　　　　　　　　　　　　Scott Alan Burroughs, Esq.
　　　　　　　　　　　　　　　　David Shein, Esq.
　　　　　　　　　　　　　　　　DONIGER / BURROUGHS
　　　　　　　　　　　　　　　　Attorneys for Plaintiff